# Exhibit A

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
|---|---|---|
| | ) ss: | |
| COUNTY OF MARION | ) | CAUSE NO.: _____ |

CHRIS ELLISON
934 EAST MAIN STREET
CARMEL, INDIANA 46033

       PLAINTIFF,

-vs.-

TRADER JOE'S EAST, INC.
DBA TRADER JOE'S
5473 EAST 82ND STREET
INDIANAPOLIS, INDIANA 46250
PLEASE SERVE:
TRADER JOE'S EAST, INC.
C/O PARACORP INCORPORATED
320 NORTH MERIDIAN STREET, SUITE 817
INDIANAPOLIS, INDIANA 46204

AND

SARGENTO FOODS, INC.
ONE PERSNICKETY PLACE
PLYMOUTH, WISCONSIN 53073
PLEASE SERVE:
SARGENTO FOODS, INC.
C/O CORPORATE CREATIONS NETWORK, INC.
4650 WEST SPENCER STREET
APPLETON, WISCONSIN 54914-9106

AND

TTLF, INC.
1 PERSNICKETY PLACE
PLYMOUTH, WISCONSIN 54914
PLEASE SERVE:
TTLF, INC.
C/O CORPORATE CREATIONS NETWORK INC
4650 WEST SPENCER STREET

**COMPLAINT**

Page 1 of 15

APPLETON, WISCONSIN  54914

AND

HUMANA HEALTH PLAN, INC.
500 WEST MAIN STREET
LOUISVILLE, KENTUCKY  40202
PLEASE SERVE:
HUMANA HEALTH PLAN, INC.
C/O CORPORATION SERVICE COMPANY
135 NORTH PENNSYLVANIA STREET, SUITE 1610
INDIANAPOLIS, INDIANA  46204

AND

JOHN DOES I THROUGH X, WHOSE TRUE
IDENTITIES ARE UNKNOWN TO PLAINTIFF

AND

ABC THROUGH XYZ CORPS.,
ENTITIES WHOSE TRUE NAME AND ADDRESS ARE
CURRENTLY UNKNOWN TO THE PLAINTIFF

DEFENDANTS.

**Now Comes Plaintiff, Chris Ellison** by and through counsel, and for his Complaint against the named Defendants, states the following:

## I. THE PARTIES

1. Plaintiff, Chris Ellison resides at 934 East Main Street, in Carmel, Hamilton County, Indiana 46033 and has so resided at all relevant times herein.

2. Defendant, Trader Joe's East, Inc. is a Massachusetts corporation, which does business within the state of Indiana, as Trader Joe's, including a Trader Joe's location at 5473 East 82nd Street, in Indianapolis, Marion County, Indiana 46250.

3. Defendant, Sargento Foods, Inc., is a Wisconsin corporation, which is engaged in the manufacturing, distribution and marketing of food products, including, *inter alia.*, Sargento

Page 2 of 15

Mozzarella Cheese Sticks Breaded (SKU50209), which are marketed and sold to the consuming public.

4. Defendant, Ttlf, Inc., is a Wisconsin corporation, which is engaged in the manufacturing, distribution and marketing of food products, including, *inter alia.*, Sargento Mozzarella Cheese Sticks Breaded (SKU50209), which are marketed and sold to the consuming public.

5. Defendant, Humana Health Plan, Inc., ("Humana"), is a Kentucky corporation, which is engaged in the business of providing health insurance and dental insurance benefits plans, marketed to the general public.

6. Defendants, John Does I through X, are individuals, whose names and addresses are currently unknown to the Plaintiff, who negligently processed, cleaned, prepared, stored, distributed, handled, served and/or sold the contaminated and defective food products, to the Plaintiff, and who caused and/or contributed to the Plaintiff's severe dental injuries, losses and damages.

7. Defendants ABC to XYZ Corps. are entities, whose true identities are currently unknown to the Plaintiffs, which negligently and improperly processed, cleaned, prepared, stored, distributed, handled, displayed, served or sold the contaminated and defective food products, to the Plaintiff and who caused or contributed to the Plaintiff's severe dental injuries, losses and damages.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over, *inter alia.*, negligence, strict liability, breach of express warranty and implied warranty of merchantability and fitness for particular purpose,

involving the distribution and sale of contaminated food products to consumers, which occur in Marion County, Indiana.

9. The claims alleged herein arise under the Indiana Product Liability Act, **("IPLA")**, Indiana Code § 34-20-1-1.

10. Venue is properly invoked in this county, as material events, which form the basis of this Complaint, occurred within Marion County, Indiana. Further, one or more of the Defendants resides in and/or has its principal place of business and/or conducts substantial business within Marion County, Indiana.

### III. STATEMENT OF FACTS

11. Plaintiff, Chris Ellison, by and through counsel, restates and re-alleges each and every allegation contained in Paragraphs One through Ten (1-10), with the same force and effect, as though fully rewritten herein.

12. On or about January 17, 2021, at approximately 2:00 P.M., Plaintiff, Chris Ellison, was a lawful business invitee at the Trade Joe's location at 5473 East 82nd Street, in Indianapolis, Marion County, Indiana 46250.

13. On or about that date, time and location, Plaintiff, Chris Ellison, purchased a package of Sargento's Mozzarella Cheese Sticks Breaded (SKU50209), which, unbeknownst to Plaintiff, contained a brass thumb tack, which Plaintiff later bit into, damaging his teeth and causing other oral injuries, some or all of which are reasonably believed to be permanent in nature.

14. At all relevant times herein, each of the Defendants,[1] were regularly engaged in the business of processing, cleaning, preparing, storing, distributing and handling food products for sale to customers, including, *inter alia.,* the Plaintiff, Chris Ellison.

---

[1] The term "Defendants" shall be deemed to include each of the following Defendants: (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc.; (3) Ttlf, Inc.; (4) John Does I through X (fictitious names representing individuals, whose identities are unknown to

Page **4** of **15**

15. Defendants, (1) Trader Joe's East, Inc., (2) Sargento Foods, Inc., (3) Ttlf, Inc., (4) John Does I through X (fictitious names representing individuals, whose identities are unknown to the Plaintiffs, who negligently and improperly processed, cleaned, prepared, stored, distributed, handled, displayed, served and/or sold food products to the Plaintiff, Chris Ellison, who caused or contributed to the Plaintiff's resulting dental injuries, losses and damages and (6) Defendants ABC to XYZ Corporations, (entities that negligently and improperly processed, cleaned, prepared, stored, distributed, handled, displayed, served and/or sold food products to the Plaintiff, Chris Ellison, who caused or contributed to the Plaintiff's resulting dental injuries, losses and damages) were responsible for some or all of the processing, cleaning, preparation, storage distribution, handling, service, display and sale of the food products which were sold and served to Plaintiff, Chris Ellison

16. On or about January 17, 2021 at approximately 2:00 P.M., Defendants, (1) Trader Joe's East, Inc., (2) Sargento Foods, Inc., (3) Ttlf, Inc., (4) John Does I through X and (5) ABC to XYZ Corporations, sold a package of Sargento Mozzarella Cheese Sticks Breaded (SKU50209), to the Plaintiff Chris Ellison.

17. Later, when Mr. Ellison attempted to consume the food product, he bit into a brass thumb tack, which caused him severe dental injuries, losses and damages.

18. As a direct and proximate result of the incident alleged herein, Plaintiff, Chris Ellison has incurred reasonable and necessary dental and medical expenses and reasonably expects to incur such expenses in the future; has endured extreme pain and suffering and reasonably expects to endure pain and suffering in the future; has incurred wage loss and/or loss of earning capacity

---

the Plaintiffs, who negligently and improperly processed, cleaned, prepared, stored, distributed, handled, displayed, served and/or sold food products to the Plaintiff, Chris Ellison, who caused or contributed to the Plaintiff's resulting dental injuries, losses and damages and (5) Defendants ABC to XYZ Corporations, (entities that negligently and improperly processed, cleaned, prepared, stored, distributed, handled, displayed, served and/or sold food products to the Plaintiff, Chris Ellison, who caused or contributed to the Plaintiff's resulting dental injuries, losses and damages).

and reasonably expects to incur such losses in the future; and has suffered loss of enjoyment of life and reasonably expects to suffer loss of enjoyment of life in the future.

### COUNT I: STRICT LIABILITY FOR DEFECTIVE PRODUCT

19. Plaintiff, Chris Ellison, restates and incorporates by reference each and every allegation contained in Paragraphs One through Eighteen, (1-18), with the same force and effect, as though fully rewritten herein.

20. The package of Sargento Mozzarella Cheese Sticks Breaded (SKU50209), which was sold to the Plaintiff, was defective and was contaminated, *inter alia.,* with a brass thumb tack, and thus was not reasonably fit, suitable or safe for its intended purpose.

21. By virtue of the Defendants' conduct alleged herein, Defendants have violated the the Indiana Product Liability Act, Indiana Code § 34-20-1-1, *et.seq.;* more specifically, producing contaminated food products for consumption by consumers, and rendering them liable to the Plaintiff for monetary damages.

22. As a direct and proximate result of the Defendants' conduct alleged herein, Plaintiff, Chris Ellison suffered severe dental injuries, some or all of which are reasonably believed to be permanent in nature; has incurred reasonable and necessary dental, and medical expenses and reasonably expects to incur such expenses in the future; has endured pain and suffering and reasonably expects to endure pain and suffering in the future; has incurred wage loss and/or loss of earning capacity and reasonably expects to incur such losses in the future; and has suffered loss of enjoyment of life and reasonably expects to suffer loss of enjoyment of life in the future.

23. Accordingly, Plaintiff, Chris Ellison is entitled to judgment against each of the Defendants: (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc.; (3) Ttlf, Inc.; (4) John Does I through X (fictitious names representing individuals, whose identities are unknown to the

Plaintiffs, who negligently and improperly processed, cleaned, prepared, stored, distributed, handled, displayed, served and/or sold food products to the Plaintiff, Chris Ellison, who caused or contributed to the Plaintiff's resulting dental injuries, losses and damages and (5) Defendants ABC to XYZ Corporations, (entities that negligently and improperly processed, cleaned, prepared, stored, distributed, handled, displayed, served and/or sold food products to the Plaintiff, Chris Ellison, who caused or contributed to the Plaintiff's resulting dental injuries, losses and damages), in an amount, yet to be determined, but sufficient to compensate Plaintiff his injuries, losses and damages.  Further, to the extent the conduct of the Defendants is shown to be willful, wanton, and done in conscious disregard for the health and welfare of the Plaintiff, among others, then the Plaintiff is entitled to an award of punitive damages against each of the Defendants, 1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc., (3) Ttlf, Inc., (4) John Does I through X and (5) Defendants ABC to XYZ Corporations, in amounts, yet to be determined, by the trier of fact.

### COUNT II: STRICT LIABILITY FOR FAILURE TO WARN

24.   Plaintiff, Chris Ellison restates and incorporates by reference each and every allegation contained in Paragraphs One through Twenty-three (1-23), with the same force and effect, as though fully rewritten herein.

25.   Each of the Defendants, 1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc., (3) Ttlf, Inc., (4) John Does I through X and (5) Defendants ABC to XYZ Corporations knew or should have known that the sale of contaminated food can be harmful or injurious to consumers.

26.   Each of the Defendants owed a statutory duty to warn consumers, including the Plaintiff, Chris Ellison, among others, of the specific risks of harm or injury associated with consumption of contaminated food.

27. Defendants breached this duty by failing to provide adequate warnings to the Plaintiff regarding the specific risks of harm and injury associated with consumption of contaminated food.

28. By virtue of the Defendants' conduct in serving contaminated and unreasonably dangerous food products, as alleged herein, Defendants violated the Indiana Product Liability Act, Indiana Code § 34-20-1-1, *et. seq.*, thus rendering them liable to the Plaintiff for monetary damages.

29. As a direct and proximate result of the Defendants' failure to provide adequate warnings of the specific risks of harm associated with the consumption of contaminated food, as alleged herein, Plaintiff has suffered severe dental injuries, some or all of which are reasonably believed to be permanent in nature; has incurred reasonable and necessary dental and medical expenses and reasonably expects to incur such expenses in the future; has endured pain and suffering and reasonably expects to endure emotional distress and pain and suffering in the future; has incurred wage loss and/or loss of earning capacity and reasonably expects to incur such losses in the future; and has suffered loss of enjoyment of life and reasonably expects to suffer loss of enjoyment of life in the future.

30. Accordingly, Plaintiff, Chris Ellison, is entitled to judgment against each of the Defendants: (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc.; (3) Ttlf, Inc.; (4) John Does I through X and (5) ABC to XYZ Corporations, jointly and severally, in amounts, yet to be determined, but sufficient to fully compensate Plaintiff, for his injuries, losses and damages. Further, to the extent the conduct of the Defendants is shown to be willful, wanton, and done in conscious disregard for the health and welfare of the Plaintiff, among others, then the Plaintiff is entitled to an award of punitive damages against each of the Defendants, (1) Trader Joe's East,

Inc.; (2) Sargento Foods, Inc.; (3) Ttlf, Inc.; (4) John Does I through X and (5) ABC to XYZ Corporations, in amounts, yet to be determined by the trier of fact.

## COUNT III: STRICT LIABILILTY IN TORT

31. Plaintiff, Chris Ellison, restates and incorporates by reference each and every allegation contained in Paragraphs One through Thirty (1-30), with the same force and effect, as though fully rewritten herein.

32. This claim is brought pursuant to the Indiana Product Liability Act, Indiana Code § 34-20-1-1, *et. seq.*, Plaintiff, Chris Ellison seeks recovery of compensatory damages for, *inter alia.*, the severe physical injuries, emotional distress, wage loss, suffered by the Plaintiff directly and proximately caused by the contaminated food product, which were processed, prepared and sold to the Plaintiff, Chris Ellison.

33. Each of the Defendants, (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc.; (3) Ttlf, Inc.; (4) John Does I through X and (5) ABC to XYZ Corporations, is defined as a statutory manufacturer, that is, a person engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product and/or is a statutory supplier that is, a person that, in the course of a business conducted for the purpose, sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce and/or a person that, in the course of a business conducted for the purpose, installs, repairs, or maintains any aspect of the food products, which are alleged to have caused harm to the Plaintiff herein.

34. By virtue of the Defendants' conduct alleged herein, in processing, cleaning, preparing, storing, distributing, handling, displaying, and/or selling contaminated food, which

was not fit for human consumption, each of the Defendants is liable to the Plaintiff, under the doctrine of strict liability in tort.

### COUNT IV: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

35. Plaintiff, Chris Ellison, restates and incorporates by reference each and every allegation contained in Paragraphs One through Thirty-four (1-34), with the same force and effect, as though fully rewritten herein.

36. Defendants, in the ordinary course of their business, were involved in the processing, cleaning, preparing, storing, distributing, handling, displaying, and/or selling food products, including, *inter alia.*, the Sargento Mozzarella Cheese Sticks Breaded (SKU50209). The package of Sargento Mozzarella Cheese Sticks Breaded (SKU50209), was contaminated with, *inter alia.*, a brass thumb tack, and, therefore, was unfit for human consumption, defective and unreasonably dangerous.

37. By supplying and selling contaminated food products to the Plaintiff, each of the Defendants breached the implied warranty of merchantability, owed to the Plaintiff.

38. As a direct and proximate result of the Defendants' breach of the implied warranty of merchantability, as alleged herein, Plaintiff, Chris Ellison suffered severe dental injuries, losses and damages, some or all of which are reasonably believed to be permanent in nature; has incurred reasonable and necessary dental and medical expenses and reasonably expects to incur such expenses in the future; has endured pain and suffering and reasonably expects to endure emotional distress and pain and suffering in the future; has incurred wage loss and/or loss of earning capacity and reasonably expects to incur such losses in the future; and has suffered loss of enjoyment of life and reasonably expects to suffer loss of enjoyment of life in the future.

39. Accordingly, Plaintiff, Chris Ellison is entitled to judgment against each of the Defendants: (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc.; (3) Ttlf, Inc.; (4) John Does I through X and (5) ABC to XYZ Corporations, jointly and severally, in an amount, yet to be determined, but sufficient to fully compensate Plaintiff his injuries, losses and damages. Further, to the extent the conduct of the Defendants is shown to be willful, wanton, and done in conscious disregard for the health and welfare of the Plaintiffs, among others, then each of the Plaintiffs is entitled to an award of punitive damages against each of the Defendants, in an amount, to be determined by the trier of fact.

## COUNT V: BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

40. Plaintiff, Chris Ellison, restates and incorporates by reference each and every allegation contained in Paragraphs One through Thirty-nine (1-39), with the same force and effect, as though fully rewritten herein.

41. Defendants, in the ordinary course of their business, were involved in the processing, cleaning, preparing, storing, distributing, handling, displaying, serving and/or selling food products, including, *inter alia.,* the Sargento Mozzarella Cheese Sticks Breaded (SKU50209), to consumers, including, Plaintiff, Chris Ellison, among others.

42. The package of the Sargento Mozzarella Cheese Sticks Breaded (SKU50209), which was sold to and consumed by the Plaintiff, Chris Ellison was contaminated with a brass thumb tack and, therefore, was unfit for human consumption, defective and unreasonably dangerous.

43. The claim based upon implied warranty of fitness for a particular purpose, is founded upon the following: (1) the seller must have reason to know the buyer's particular purpose; (2) the seller must have reason to know that the buyer is relying on the seller's skill or judgment to furnish appropriate goods, and (3) the buyer must, in fact, rely upon the seller's skill or judgment.

44. By supplying and selling contaminated food products to the Plaintiff, each of the Defendants breached the implied warranty of fitness for particular purpose.

45. As a direct and proximate result of the Defendants' breach of the implied warranty of fitness for particular purpose, as alleged herein, the Plaintiff suffered serious dental injuries, some or all of which are reasonably believed to be permanent in nature; has incurred reasonable and necessary dental and medical expenses and reasonably expects to incur such expenses in the future; has endured pain and suffering and reasonably expects to endure pain and suffering in the future; has incurred wage loss and/or loss of earning capacity and reasonably expects to incur such losses in the future; and has suffered loss of enjoyment of life and reasonably expects to suffer loss of enjoyment of life in the future.

46. Accordingly, Plaintiff, Chris Ellison is entitled to judgment against each of the Defendants (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc. (3) Ttlf, Inc., (4) John Does I through X and (5) ABC to XYZ Corporations, jointly and severally, in an amount, yet to be determined, but sufficient to fully compensate Plaintiff for his injuries, losses and damages. Further, to the extent the conduct of the Defendants is shown to be willful, wanton, and done in conscious disregard for the health and welfare of the Plaintiff, among others, then the Plaintiff is entitled to an award of punitive damages against each of the Defendants, (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc. (3) Ttlf, Inc., (4) John Does I through X and (5) ABC to XYZ Corporations, in an amount, to be determined by the trier of fact.

### COUNT VI: DECLARATORY JUDGMENT--SUBROGATION

47. Plaintiff, Chris Ellison, by and through counsel, restates and incorporates by reference the allegations contained in Paragraphs One through Forty-six (1-46), with the same force and effect, as though fully rewritten herein.

48. Plaintiff, Chris Ellison, has received and/or will receive dental and/or health insurance benefits paid through Defendant Humana Health Plan, Inc., as a result of reasonable and necessary dental, hospital and medical expenses, incurred as a result of the contaminated food product incident subject of this Complaint

49. Defendant Humana Health Plan, Inc. is and/or may be subrogated to a portion of the Plaintiff's claims against the Defendants, (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc. (3) Ttlf, Inc., (4) John Does I through X and (5) ABC to XYZ Corporations, and should be required to assert its subrogation interests in this matter in a sum certain, or be forever foreclosed from collecting or enforcing its subrogation interest, against any party herein.

## COUNT VII: NEGLIGENCE

50. Plaintiff, Chris Ellison, restates and incorporates by reference each and every allegation contained in Paragraphs One through Forty-nine (1-50), with the same force and effect, as though fully rewritten herein

51. Each of the Defendants, (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc. (3) Ttlf, Inc., (4) John Does I through X and (5) ABC to XYZ Corporations, owed a duty to the Plaintiff, and to the general public, to, *inter alia.,* engage in proper quality control, inspection and/or sanitary safeguards, in the processing, cleaning, preparation, storage, distribution, handling, service, display and/or sale of food products to the Plaintiff, to ensure that the package of the Sargento Mozzarella Cheese Sticks Breaded (SKU50209), was fit for human consumption, at the time of sale.

52. Each of the Defendants, (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc. (3) Ttlf, Inc., (4) John Does I through X and (5) ABC to XYZ Corporations, breached its duty of reasonable care, was negligent and careless in that each Defendant failed to exercise proper

quality control, inspection and/or sanitary safeguards, in the processing, cleaning, preparation, storage, distribution, handling, service, inspection, display and/or sale of the Sargento Mozzarella Cheese Sticks Breaded (SKU50209).

53. As a direct and proximate result of the Defendants' negligence, as alleged herein, the Plaintiff suffered serious dental injuries, some or all of which are reasonably believed to be permanent in nature; has incurred reasonable and necessary hospital and medical expenses and reasonably expects to incur such expenses in the future; has endured pain and suffering and reasonably expects to endure emotional distress and pain and suffering in the future; has incurred wage loss and/or loss of earning capacity and/or other economic losses or damages and reasonably expects to incur such losses in the future; has suffered loss of enjoyment of life and reasonably expects to suffer loss of enjoyment of life in the future.

54. Accordingly, Plaintiff, Chris Ellison, is entitled to judgment against each of the Defendants (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc. (3) Ttlf, Inc., (4) John Does I through X and (5) ABC to XYZ Corporations, jointly and severally, in an amount, yet to be determined, but in an amount sufficient to fully compensate Plaintiff for his injuries, losses and damages.

55. Further, to the extent the conduct of the Defendants, (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc. (3) Ttlf, Inc., (4) John Does I through X and (5) ABC to XYZ Corporations, is shown to be willful, wanton and done in conscious disregard for the welfare of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages against that Defendant, in an amount, to be determined by the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Chris Ellison, by and through counsel demands the following relief:

(1) Judgment against each of the Defendants (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc. (3) Ttlf, Inc., (4) John Does I through X and (5) ABC to XYZ Corporations, jointly and severally, in an amount, yet to be determined, but in an amount sufficient to fully compensate Plaintiff, for his injuries, losses and damages.

(2) Judgment against each of the Defendants (1) Trader Joe's East, Inc.; (2) Sargento Foods, Inc. (3) Ttlf, Inc., (4) John Does I through X and (5) ABC to XYZ Corporations, for an award of punitive damages, in an amount to be determined by the trier of fact.

(3) That this Court order, Defendant Humana Health Plan, Inc., to establish its alleged subrogation interest in a sum certain, or be forever foreclosed from collecting and/or enforcing, its alleged subrogation lien, against any party herein.

(4) That this Court award Plaintiff all additional relief to which he may be entitled, at law and/or equity, including pre-judgment interest, post-judgment interest, costs incurred herein and a reasonable award of attorney's fees.

Respectfully Submitted,

Jon P. Clemons, Esq. [27780-15]
**The Law Offices of Blake R. Maislin, LLC**
**Maislin Professional Center**
**2260 Francis Lane**
**Cincinnati, Ohio 45206**
Phone: (513) 444-4444, Ext. 105
Facsimile: (513) 721-5557
E-mail: jclemons@maislinlaw.com
*Trial Attorney for Plaintiff, Chris Ellison*